IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00532-BNB

RICKIE HOLLAND,

    Applicant,

v.

BLAKE R. DAVIS,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 05 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER DRAWING CASE

---

Applicant, Rickie Holland, is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the Federal Prison Camp in Florence, Colorado. Mr. Holland initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. He has paid the $5.00 filing fee for a habeas corpus action.

On March 11, 2010, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response to the habeas corpus application and address the affirmative defense of exhaustion of administrative remedies. On April 1, 2010, Respondent filed a preliminary response. Mr. Holland has not filed a Reply.

The Court must construe Mr. Holland's filings liberally because he is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se*

litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be drawn to a district judge and a magistrate judge.

The Application asserts one claim for relief. Mr. Holland contends that he has completed the BOP's Residential Drug Abuse Program (RDAP), but that the BOP has failed to grant him a sentence reduction pursuant to 18 U.S.C. § 3621(e), due to his conviction under 18 U.S.C. § 922(g) for a felon in possession of a firearm. Application at 3. Mr. Holland asserts that the BOP has violated the Administrative Procedures Act ("APA") by categorically denying RDAP early release to those convicted under 18 U.S.C. § 922(g). *Id.* at 5. Respondent argues that Mr. Holland has failed to exhaust BOP administrative remedies before seeking federal court intervention. Respondent contends that Mr. Holland failed to raise the claim at a lower level appeal, and then raised it for the first time during a later appeal. Prelim. Resp. at 1-2.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied only through proper use of the available administrative procedures. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy program is available to federal prisoners such as Mr. Holland. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy

2

program allows "an inmate to seek formal review of an issue which relates to any aspect of his/her confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. § 542.14 - 542.15.

Respondent asserts that Mr. Holland failed to raise the claim that the BOP's RDAP rule violated the APA in his initial administrative remedy, the BP-9 form. Prelim. Resp. at 6. Respondent argues that Mr. Holland raised this issue for the first time in his BP-10 appeal. *Id.* Respondent asserts that "federal regulations prohibit inmates from raising new issues in their administrative appeals." *Id.* (quoting *Kikumura v. Osagie*, 461 F.3d 1269, 1284 (10th Cir. 1284), **abrogated on other grounds as recognized by *Robbins v. Oklahoma*,** 519 F.3d 1242, 1246-47 (10th Cir. 2008)). Accordingly, Respondent argues that Mr. Holland has not properly exhausted his administrative remedies with regard to this issue.

Upon review of Mr. Holland's administrative remedy and appeals form, attached to the Preliminary Response, the Court does not agree that Mr. Holland has failed to exhaust his administrative remedies. Respondent argues that Mr. Holland raised the issue of whether BOP's RDAP rules were arbitrary and capricious in violation of the APA for the first time in his BP-10 appeal. However, in Mr. Holland's BP-9 form, he cites to the Ninth Circuit's decision in *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008), and requests that he be provided a sentence reduction upon his completion of

the RDAP program. *See* Prelim. Resp. at Ex. A-1, p. 25. In *Arrington*, the Ninth Circuit held, in part, that the BOP's regulation which categorically excluded RDAP prisoners from early release whose offense was felony involving possession, carrying or use of firearms was invalid under the APA. *Arrington*, 516 F.3d at 1113-14. As such, although Mr. Holland did not explicitly assert that the BOP's decision to deny him early release due to his firearm felony was arbitrary and capricious under the APA, Mr. Holland cited a federal case which stands, in part, for this proposition. Mr. Holland further raised this issue in both his BP-10 appeal and BP-11 appeal. *See* Prelim. Resp. at Ex. A-1, p. 28, 31. Accordingly, the Court finds that Mr. Holland has exhausted his administrative remedies with regard to this issue, because he has completed all three formal steps of the administrative remedy procedure. *See* 28 C.F.R. § 542.14 - 542.15.

Upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that this case does not appear to be appropriate for summary dismissal. As such, the case will be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __4th__ day of __May__, 2010.

BY THE COURT:

*[signature]*

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00532-BNB

Rickie Holland
Reg No. 08613-032
Federal Prison Camp
P.O. Box 5000
Florence, CO 81226

Juan G. Villaseñor
Assistant United States Attorney
**DELIVERED ELECTRONICALLY**

   I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/5/10

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk