IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-00532-PAB

RICKIE HOLLAND,

      Applicant,

v.

BLAKE R. DAVIS,

      Respondent.

---

**ORDER**

---

This matter comes before the Court on applicant Rickie Holland's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Application") [Docket No. 1] filed on March 8, 2010.  Respondent filed a response to the Application [Docket No. 11] and applicant has filed a traverse [Docket No. 12].  The Application is ripe for disposition.  Because applicant is pro se, the Court construes his filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991).

At the time of filing, applicant was incarcerated at the Bureau of Prisons ("BOP") Federal Prison Camp in Florence, Colorado,[1] serving concurrent 120-month sentences for conspiracy to manufacture marijuana in violation of 21 U.S.C. § 846 and for being a felon in possession in violation of 18 U.S.C. § 922(g).  In his sole claim, applicant challenges the BOP regulation that excludes those convicted of violating § 922(g) from

---

[1]According to the Bureau of Prisons website, applicant is currently incarcerated at the USP Atlanta.

being granted early release pursuant to 18 U.S.C. § 3621(e) upon completion of the

BOP's Residential Drug Abuse Program ("RDAP").  *See* Docket No.1 at 3; *see also*

Docket No. 1 at 5 ("I ask that the Court find that the BOP has violated the

[Administrative Procedure Act] and [that it] cannot categorically deny me the early

release provisions of [§] 3631(e) [sic].").[2]

Section 2241 of Title 28 of the United States Code addresses allegations that an

inmate "is in custody in violation of the Constitution or law or treaties of the United

States." 28 U.S.C. § 2241(c)(3).  To this end, "[p]etitions under § 2241 are used to

attack the execution of a sentence . . . [and] the fact or duration of a prisoner's

confinement . . . ." *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12

(10th Cir. 1997) (citations omitted).  For example, claims involving revocation of good

time credits or other sentence shortening issues are properly asserted pursuant to

Section 2241.  *Id.*  Although applicant's admission into the RDAP has "only the potential

for a discretionary sentence reduction," *Beckley v. Miner*, 125 F. App'x 385, 388 (3rd

Cir. 2005), his Application challenges the execution of his sentence, a subject within the

ambit of 28 U.S.C. § 2241.  *See Wilson v. Kastner*, 385 F. App'x 855, 856 n.2 (10th Cir.

2010) (stating that a petition challenging an RDAP eligibility determination was

---

[2]While applicant invokes the APA, the APA does not apply to challenges under 18 U.S.C. § 3621.  *See* 18 U.S.C. § 3625; *see also Redmon v. Wiley*, 2009 WL 3262020, at *4 (10th Cir. Oct.13, 2009).  Applicant also argues that he should be deemed eligible for early release pursuant to the "rule of lenity."  The rule of lenity, however, is not implicated in this case.  *See Barber v. Thomas*, --- U.S. ----, 130 S. Ct. 2499, 2508-09 (2010) ("[T]he rule of lenity only applies if, after considering text, structure, history, and purpose, there remains a grievous ambiguity or uncertainty in the statute, such that the Court must simply guess as to what Congress intended.") (quotation marks and citations omitted).

appropriately brought under § 2241 "because [the] challenge relates to the execution of

his sentence rather than the validity of [the] conviction."). Accordingly, it is proper for

this Court to exercise jurisdiction over applicant's claim.[3]

Applicant's argument that the BOP "cannot categorically deny" him eligibility for

early release under § 3621(e) is unavailing. Pursuant to 18 U.S.C. § 3621(e)(2)(B), the

BOP may grant a sentence reduction of up to one year to inmates convicted of

"nonviolent offenses" who successfully complete the RDAP. To be eligible for

participation in the RDAP, an inmate must have a verifiable, documented substance

abuse problem as determined by the BOP and be willing to participate in the RDAP. 18

U.S.C. § 3621(e)(5)(B); 28 C.F.R. § 550.56(a). While participation in the RDAP is

available to all inmates with a verifiable substance abuse problem, not all participating

inmates are eligible for early release. *See* 18 U.S.C. 3621(e)(2)(B).[4]

---

[3]Respondent argues that the matter is now moot because applicant has withdrawn from the RDAP program because of the BOP's determination that he is not eligible for early release upon completion. *See* Docket No. 11-1 at 67. Respondent, however, does not contend that applicant would be barred from reentering the program if the Court were to upset that determination. On the present record, the Court is satisfied that the matter has not been mooted. *See Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (a matter is moot if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome") (citations and quotation marks omitted).

[4]Applicant contends that he was "advised that he was eligible for the early release provisions of [§] 3621" while incarcerated at a BOP facility in Kentucky prior to his transfer to Florence. *See* Docket No. 12 at 2. The record indicates that, while applicant was accepted into the RDAP while in Kentucky, BOP staff informed him that he was not eligible for early release. *See* Docket No. 11-1 at 65. Apparently, there was an error when entering his information into a BOP data system that indicated he was eligible. *See* Docket No. 11-1 at 5, n.6. Upon his arrival in Florence, the error – i.e., that he was "*provisionally* eligible for early release," Docket No. 12 at 5 (emphasis added) – was corrected. Applicant has identified no basis upon which the Court could conclude that he had a "vested right" or cognizable settled expectation that he would be entitled to the early release provisions of § 3621(e). *See Hunnicutt v. Hawk*, 229 F.3d

Applicant's conviction for being a felon in possession renders him ineligible for early release pursuant to § 3621(e).   BOP regulations implementing § 3621(e) state that inmates convicted of an "offense that involved the carrying, possession, or use of a firearm" are ineligible for early release.   *See* 28 C.F.R. § 550.55(b)(5)(ii); *see also Martin v. Rios*, 472 F.3d 1206, 1206 (10th Cir. 2007) ("This BOP regulation was upheld by the Supreme Court in *Lopez*[ *v. Davis*], 531 U.S. [230], 244 (2001).").   "[B]eing a felon in possession of a firearm is a felony 'involv[ing] the carrying, possession, or use of a firearm.'"   *Martin*, 472 F.3d at 1206.   Applicant "is accordingly ineligible for a sentence reduction."   *Id.*; *see Satterwhite v. Rios*, 215 F. App'x 775, 776 (10th Cir. 2007).   Therefore, it is

**ORDERED** that applicant Rickie Holland's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] is DENIED.   It is further

**ORDERED** that this case is dismissed with prejudice.

DATED March 7, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

997, 1001 (10th Cir. 2000); *Larson v. Wilner*, No. 09-cv-00813-REB, 2010 WL 2943298 (D. Colo. July 22, 2010); *McKenzie v. Terrell*, 2006 WL 1764344, at *5 (D. Kan. June 27, 2006).